# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

THE UNITED STATES OF AMERICA )
)
)
Plaintiff [s], )   **Case No.:** 97-CR-228 [4] JAF
)
VS. )
)
)
DOUGLAS GORBEA )
)
Defendant[s] )
)
/

## RENEWED MOTION FOR A NEW TRIAL

**TO THE HONORABLE COURT:**

**COMES NOW** the above named defendant and pursuant to Local Rule 7.1. Fed.R.Crim.P 33 files this renewed motion for a new trial based on newly discovered evidence.

1. The appearing defendant filed a timely *prose* motion for new trial on May 30th. 2003. See docket# 213. The response government's response was due by June 2, 2003. See docket# 313 to wit:

| 05/30/2003 | 213 | MOTION by Douglas Gorbea for New Trial w/attach . Response due 6/12/03 (ni) (Entered: 06/02/2003) |

1

NOTICE OF APPEARANCE                              The Law Offices of Lorenzo Palomares P.S.C.
                                                  Attorneys & Counselors at Law

2.  On June 5th 2003 the appearing defendant filed a motion *prose* to amend the motion for new trial based on newly discovered evidence. See Docket #215 to wit:

| 06/05/2003 | 215 | MOTION by Douglas Gorbea to Amend [213-1] motion for New Trial by Douglas Gorbea based on newly discovered evidence (ja) (Entered: 06/06/2003) |
|---|---|---|

3.  On March 23rd. 2005 two years after the filing of the motion for a new trial AUSA Timothy Henwood, Esq./ filed a notice of appearance in the case. See docket# 238 to wit:

| 05/23/2005 | 238 | NOTICE OF ATTORNEY APPEARANCE Timothy R. Henwood, Timothy R. Henwood appearing for USA. (Henwood, Timothy) (Entered: 05/23/2005) |
|---|---|---|

4.  Codefendant Jose Ramon Hernandez filed a motion for a new trial on similar issues on July 29th 2002. See docket #172 to wit:

| 07/29/2002 | 172 | MOTION by Jose Ramon Hernandez for New Trial w/attach. Response due 8/12/02 (ni) (Entered: 07/31/2002) |
|---|---|---|

*5.*  The court proceeded to grant an evidentiary hearing where the then Honorable Magistrate Judge Aida Delgado Colon provided a report and recommendation granting the motion for a new trial for codefendant Jose Hernandez. The report and recommendation was published on *Hernandez v. United States, 2004 U.S. Dist. LEXIS 14567*. Senior District Judge Juan M. Perez-Gimenez denied the motion for a new trial and the case was appealed. Upon remand the case was remanded to a different judge and the court held that the factual findings of a Magistrate Judge may not be overturned by a District Judge absent of a new evidentiary hearing where the District Judge may hear the evidence directly.

6. The appearing defendant seeks a new trial on the basis of (1) newly discovered evidence[1], (2) Brady Violation[2], (c) Due process violations[3]. The Government has not opposed such motion since May 30th 2003. All prior facts and issues raised by the petitioner in his pro se motion for a new trial are incorporated herein by reference.

## STANDARD OF REVIEW

7. A motion for new trial based on newly discovered evidence must be made within three years after the verdict or finding of guilty, while a motion for new trial based on any other grounds must be made within seven days. Fed.R.Crim.P. 33. "The remedy of a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result." United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001) (citations omitted).

8. In order to prevail on a motion for a new trial on the basis of newly discovered evidence the defendant must prove four factors. First, the defendant must show that the evidence was unknown or unavailable to him at the time of trial. Second, the defendant must have been duly diligent in attempting to unearth it. Third, the newly discovered evidence must be material, and lastly, the newly discovered evidence must be such that its emergence probably will result in an acquittal upon retrial. *Id.* (citing

---

[1] (a) The testimony of Jose Ramon Hernandez; (B) the statement of inspection by the Venezuelan National Guard prior to export.

[2] The failure to produce Agent Talavera report of investigation that the Hernandez truck was broken and post arrest statement that the truck had electrical malfunctioning

[3] Due process requires the government to disclose evidence favorable to an accused upon his request when the evidence is material to guilt. Brady v. Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The evidence must be produced independently of whether or not the defendant requests the evidence. United States v. Agurs, 427 U.S. 97, 107-111, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976)

3

*United States v. Wright,* 625 F.2d 1017, 1019 (1st Cir. 1980). If the defendant fails to carry his burden with respect to any one of these four factors, the motion for new trial must be denied. *Id.* (citing *United States v. Falu-Gonzalez,* 205 F.3d 436, 442 (1st Cir. 2000).

9. When a defendant claims that there is newly discovered evidence that should have been produced under *Brady* the defendant must establish that: "(1) the evidence at issue is material and favorable to the accused, (2) the evidence was suppressed by the prosecution, and (3) the defendant was prejudiced by the suppression in that there is ' reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Conley,* 249 F.3d 38, 45 (1st Cir. 2001) (quoting *Strickler v. Greene,* 527 U.S. 263, 144 L. Ed. 2d 286, 119 S. Ct. 1936 (1999).

10. Due process requires the government to disclose evidence favorable to an accused upon his request when the evidence is material to guilt. *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The evidence must be produced independently of whether or not the defendant requests the evidence. *United States v. Agurs,* 427 U.S. 97, 107-111, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976); the obligation includes information that could be used to impeach a government witness. *Giglio v. United States,* 405 U.S. 150, 154, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972).

**MEMORANDUM OF LAW**

11. In the instant case, the final judgment -by Court of appeals- on direct appeal is dated February 8th 2001. The motion for a new trial was filed on 05/30/2003, see docket #213. These dates show that the filing of the motion for a new trial is within the three years of the final order of the case issued by the Court of Appeals.

12. Motions for new trials in criminal cases are considered under Rule 33 of the Federal Rules of Criminal Procedure, which provides:

4

> The court on motion of a defendant may grant a new trial to that defendant if required to in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within three years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

Rule 33 allows new trials in at least three categories of cases: (1) those involving "newly discovered evidence," as the rule expressly provides; (2) cases involving trial irregularities, such as judicial error, misconduct by the prosecutor or a juror, or ineffective assistance of defense counsel, see, e.g., United States v. Scotti, 47 F.3d 1237, 1246 (2d Cir. 1995) (erroneous juror instruction); United States v. Dixon, 658 F.2d 181, 193 (3d Cir. 1981) (prosecutorial misconduct); United States v. Kimberlin, 527 F. Supp. 1010, 1011 (S.D. Ind. 1981) (juror misconduct), aff'd, 805 F.2d 210 (7th Cir. 1986); United States v. Smith, 62 F.3d 641, 650-51 (4th Cir. 1995) (ineffective assistance of counsel); and (3) cases where the jury's verdict is against the evidence. The duty of a district judge to grant a new trial on the ground that the verdict is against the evidence is in addition to the court's obligation, under Rule 29 of the Federal Rules of Criminal Procedure and the Fifth Amendment Due Process Clause, to enter judgment of acquittal when the prosecution's proof has failed completely. On a motion for judgment of acquittal, the court must decide whether, "after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) If not, judgment of acquittal should be granted. Id.; see also United States v. Campbell, 977 F.2d 854, 856 (4th Cir. 1992). There then will be no retrial, and the defendant must be discharged.

A district court's power to grant a motion for a new trial is necessarily broader. For one, in considering a motion under Rule 33, the court is not bound to assess credibility and draw all inferences in favor of the prosecution, but should evaluate the evidence independently. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). To distinguish between these two types of motions, courts refer to motions for judgment of acquittal as attacking the sufficiency of the evidence and motions for new trial as attacking the weight of the evidence. See, e.g., Tibbs v. Florida, 457 U.S. 31, 42 (1982). "In determining sufficiency, the court measures the adequacy of the evidence; in determining weight, the court measures the probative value and credibility of evidence." Michael Seward, Case Comment, The Sufficiency-Weight Distinction -- A Matter of Life or Death, 38 U. Miami L. Rev. 147, 153 (1983).

Rule 33 did not create the remedy of a new trial. Rather, it codified a remedy that predates even the founding of the Nation. When Rule 33 was adopted in 1944, the Advisory Committee's Notes explained that, except for regulating the timing of the motion, the new rule "substantially continue[d] existing practice." Rule 33 replaced Rule II of the Criminal Appeals Rules of 1933, which authorized new trials in criminal cases, 292 U.S. 661, 54 S. Ct. xxxvii (1934), and Title 28, Section 391 of the United States Code, which authorized new trials in both civil and criminal cases. These

6

provisions were the lineal descendants of the Judiciary Act of 1789, which allowed federal judges to award a new trial for "reasons which new trials usually have been granted in courts of law," Ch. 20, § 17 1 Stat. 73, 83, and the Judiciary Act of 1792 affirming that practice after ratification of the Seventh Amendment, Ch. 36, § 2, 1 Stat. 275, 276.

13. In order to prevail on a motion for a new trial on the basis of newly discovered evidence the defendant must prove four factors. First, the defendant must show that the evidence was unknown or unavailable to him at the time of trial. Second, the defendant must have been duly diligent in attempting to unearth it. Third, the newly discovered evidence must be material, and lastly, the newly discovered evidence must be such that its emergence probably will result in an acquittal upon retrial. *Id.* (citing *United States v. Wright,* 625 F.2d 1017, 1019 (1st Cir. 1980). Here the testimony of Jose Hernandez was not available at trial. The First circuit has long held that exculpatory affidavits from co-defendants who exercised their Fifth Amendment privilege not to testify at trial may constitute "newly discovered evidence" for Rule 33 purposes. *Montilla-Rivera,* 115 F.3d at 1065-66. *Contra United States v. Theodosopoulos,* 48 F.3d 1438, 1448 (7th Cir. 1995); *United States v. Muldrow,* 19 F.3d 1332, 1339 (10th Cir. 1994). While great skepticism" is used in such cases because "[a] convicted, sentenced codefendant has little to lose (and perhaps something to gain) by such testimony." *Montilla-Rivera,* 115 F.3d at 1066. Here the testimony of Jose Hernandez at his evidentiary hearing clearly showed that the two defendants did not know each other and that the relationship of commercial delivery was founded on fundamental business by the exercise of supply and demand, because Jose Hernandez was the least expensive delivery available at the time. Similarly, the business records of Crowley Transport show that there was another Jose Hernandez working for Crowley and the S/A BRENDA TALAVERA HAD IN FACT GONE TO CROWLEY BUT COULD NOT REMEMBER THE OUTCOME. The

statements of Brenda Talavera at the evidentiary hearing on Jose Hernandez motion for new trial was suppressed and the results of the investigation can only be concluded that were suppressed by the Government at trial. These statements and newly discovered evidence is martial because it is a statement not available to the petitioner at trial and defendant could not have elicited from co-defendant regarding the broken truck. Had the information that Brenda Talaveras had gone to Crowley to find out if another Jose Hernandez was working there such information would have been material to petitioner because it would have proven the existence of another José Hernandez. Similarly, the post arrest statement of codefendant was exculpatory and beneficial to petitioner because it provided and answer to the reasons why the truck took the alleged evasive rout. These statements could not have been obtained by the petitioner even if attempted because they were in the possession of the Government files and was discovered by the Magistrate Judge after the evidentiary hearing of codefendants' Jose Hernandez. The newly discovered evidence clearly was exculpatory and beneficial to petitioner. It proved that there was no *means rea* between the co-defendants Jose Hernandez and petitioner Douglas Gorbea. A jury when faced with such facts could conclude that there was no relationship between petitioner Douglas Gorbea and codefendant Jose Hernandez.

14. When a defendant claims that there is newly discovered evidence that should have been produced under *Brady* the defendant must establish that: "(1) the evidence at issue is material and favorable to the accused, (2) the evidence was suppressed by the prosecution, and (3) the defendant was prejudiced by the suppression in that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proce that the truck was inoperable and was written by the case agent S/A Brenda Talaveras was very material; it explained why the truck such alleged evasive routs. The Magistrate Judge concluded that such statement suppress could explain the reasons for the travel. The evidence was suppressed by the government; it was not until the magistrate Judge discovered the report and statement of the case agent in the

8

Government's file of investigation that such a report surface. The report was beneficial to the petitioner in every respect, it provided for an answer to the alleged evasive route; it proved that the government had gone to Crowley transport and perhaps suppresses the fact that four Jose Hernandez were working at Crowley Transport at the time of importation of the container. The prejudices is obvious; the petitioner could have inquired into the matter on cross examination by S/A Brenda Talavera and supervisor Ricardo Rivera and present the report as a business record prepared by the case agent. This did not happen and the petitioner was prejudiced by the suppression of exculpatory evidence.

15. Due process requires the government to disclose evidence favorable to an accused upon his request when the evidence is material to guilt. *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The evidence must be produced independently of whether or not the defendant requests the evidence. *United States v. Agurs,* 427 U.S. 97, 107-111, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976); the obligation includes information that could be used to impeach a government witness. *Giglio v. United States,* 405 U.S. 150, 154, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972). Here the suppression of S/A Brenda Talavera report that she had interviewed co-defendant and that the interviewed revealed a malfunctioning truck with electrical problems is evidence favorable to the petitioner, it explained the alleged evasive rout which the Government alleged at al times. Moreover, the suppression of such material piece of evidence was needed for cross-examination and to rebut the allegation of an evasive route which the Government had alleged occurred.

## **CONCLUSION**

16. In the instant case the timeliness of the appeal is consistent with co-defendant's Jose Hernandez. The motion for a new trial was filed within three years of the final judgment of the First Circuit Court of Appeals see docket #153 to wit:

| 09/08/2000 | 153 | JUDGMENT OF USCA (certified copy),issued as Informal Mandate , as to Douglas Gorbea Re: [138-1] appeal, [137-1] appeal affirming judgment/order Douglas Gorbea (4) count(s) 1, 4, 5 (ni) (Entered: 09/11/2000) |
|---|---|---|

The filing of the *pro se* motion for a new trial on May 30th 2003 is within the tree years of the final judgment. Under *United States v. Hernandez-Rodriguez, 443 F.3d 138, 2006 U.S. App. LEXIS 8418 (1st Cir. P.R. 2006)* the First Circuit followed the equitable tolling doctrine and remanded the case to a new trial judge.

17. The testimony of Jose Hernandez was not available to petitioner Douglas Gorbea, his testimony is material because it denies an element of the offense the *Meas Rea*, and it was not available at the time of trial because codefendant Jose Hernandez elected not to testify at trial. The testimony that the truck was broken (suppressed by the Government) was material and proved that not agreement was formed -between the parties- to show a circumstance of knowledge and participation. The existence of the fact that the Venezuelan National Guard had inspected the cargo and the cargo did not contain contraband shows a lack of knowledge by the petitioner and if given to a jury would likely cause an acquittal.

18. The suppressed evidence was material, exculpatory, and beneficial to the petitioner since it proves that the alleged evasive route was justified by the mechanical breakdown of the delivery truck. Such evidence was beneficial to the petitioner, suppressed by the Government and a violation of *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). The evidence must have been produced independently of whether or not the defendant requests the evidence. *United States v. Agurs,* 427 U.S. 97, 107-111, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976); the obligation

10

included information that could be used to impeach a government witness (S/A/ Brenda Talavera and S/A Ricardo Rivera). *Giglio v. United States,* 405 U.S. 150, 154, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972).

**WHEREFORE** the undersigned counsel prays to this honorable court to grant a motion for a new trial or an evidentiary hearing to place the aforementioned on the record.

Respectfully submitted,

*S/Lorenzo J. Palomares Starbuck*
Lorenzo J. Palomares-Starbuck, Esq.
USDC #218017
Lorenzo Palomares,P.S.C.
Attorneys & Counselors at Law
Attorney for Third Party Claimant
500 Munoz Rivera, Centro I,
Suite 1504
San Juan, P.R. 00918
Tel (787) 753-7441
Fax (787) 758-3331

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this day of filing a copy of the instant pleading was served on the plaintiff's counsel Ms. Julia Diaz, Esq. AUSA by the electronic filing system of this Court CM/CEF electric filing.

*S/ Lorenzo J. Palomares Starbuck, Esq.*